872 F.2d 1027
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony H. PAYNE, Plaintiff-Appellant,
v.
The LAW CENTER, J.D. Lee, d/b/a Lee Legal Clinic, J.D. Lee,
d/b/a The Law Center, P.C., J.D. Lee,
Individually, Defendants-Appellees.
 No. 88-5631.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1989.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and AVERN COHN,* District Judge.
 PER CURIAM.
 
 
 1
 Tony Payne appeals from a directed verdict entered in the United States District Court for the Eastern District of Tennessee in his action alleging breach of contract and professional negligence against his former attorney, J.D. Lee, for negligently failing to timely file a personal injury suit. Payne claims that Lee should have pursued an action against H. Pat Wood and Ben Bower for damages sustained when Payne was injured while working on a construction project that took place on their adjoining properties.
 
 
 2
 Payne was injured on March 17, 1981, while working in the employ of Ron Tallent. Tallent had contracted with Wood and Bower to build two channels, a rock riprap wall and a boat dock located on their properties in Tennessee. Tallent, Payne and another of Tallent's employees were turning over a section of the dock when they lost control of it in gusty winds. The section fell on Payne, severely injuring his spinal cord.
 
 
 3
 Payne first sought legal assistance from attorney Ralph Brown, who filed a worker's compensation claim on his behalf. Subsequently, Payne sought legal assistance from Lee, who agreed to pursue Payne's worker's compensation claim and to take necessary actions to pursue a "third party" claim for Payne's personal injuries. After the applicable one-year statute of limitations period had run on such a claim, Lee wrote Payne, informing him that there was, in Lee's opinion, no basis for a "third party" claim against Wood or Bower. Eventually, apparently with the services of a third attorney, Payne recovered worker's compensation benefits.
 
 
 4
 Payne then brought suit in state court against Lee for breach of contract and professional malpractice. Payne alleged that Lee had negligently failed to pursue a "third party" personal injury claim against Wood and Bower for their negligence in the selection of Tallent as the independent contractor for their construction project. The case was tried before a jury; however, when the jury was unable to reach a verdict, a mistrial was declared. Payne then took a voluntary nonsuit pursuant to Tennessee rules of procedure.
 
 
 5
 After moving to Georgia, Payne filed this diversity action in the district court, repeating the claims he had raised in state court. A trial was commenced, but after Payne had presented his case, the district court entered a directed verdict for the defendants, stating its reasons on the record and supplementing its oral decision with a written Memorandum and Order. The district court determined, viewing the evidence in the light most favorable to Payne, that there was no evidence from which a jury could conclude that Payne had established a necessary element of his claim, damages.
 
 
 6
 The district court set out three reasons why Payne was not damaged by Lee's failure to file the action against Wood and Bower. First, while Tennessee courts have recognized that an employer must use due care in selecting a competent contractor to perform the work contemplated by a contract, they would not hold that the duty extends to the employees of the contractor. Second, even if Wood and Bower did owe Payne such a duty, a jury could not find, on the facts of this case, that the duty had been breached. Third, even if Wood had negligently hired Tallent, the injury to Payne was caused not by Tallent's inability to perform the work contemplated by the contract, but by his inattention or negligence in handling the dock section in the gusty winds that existed at the time of the accident.
 
 
 7
 On appeal, Payne contends that the district court erred in granting the directed verdict. He argues that, under Tennessee law, an employer's duty to use due care in selecting a competent independent contractor extends to the employees of the contractor. He also claims that the district court erred in finding that there was no evidence from which a jury could conclude that Wood had been negligent in hiring Tallent, and consequently that Payne had been damaged by Lee's negligent failure to pursue the "third party" claim. Finally, Payne argues that even if the jury would have found that Lee's negligence did not proximately result in actual damages, he was entitled to have the jury award nominal damages because of Lee's breach of contract.
 
 
 8
 More specifically, Payne challenges the district court's reliance on Cooper v. Metropolitan Government of Nashville, 628 S.W.2d 30 (Tenn.App.1981) (affirming summary judgment for defendant) in reaching its decision regarding the scope of an employer's duty under Tennessee law. There, a contractor's employee, who was killed by electrocution while doing tree-work, sued the government agency that had contracted out the work. While Payne correctly points out that the Tennessee court dismissed the plaintiff's "negligent hiring of a contractor" claim on factual, and not legal grounds, this fact alone does not necessarily support Payne's claim that Cooper supports his view of the law. In fact, as the district court recognizes in its opinion, the state court's discussion of Cooper's second cause of action suggests that Payne's view of Tennessee law is incorrect. Memorandum and Order at 4.
 
 
 9
 Cooper's second cause of action was based upon another exception to the general principle that employers are not liable for the negligence of their independent contractors, the "inherently dangerous work exception." The Tennessee court declined to extend to a contractor's employee the duty owed under that "exception," in part, because it would be impractical to require the employer of the contractor to protect the contractor's employees. The court also noted that employees are already entitled to seek worker's compensation. As the district court points out, these reasons apply with equal force to the tort of "negligent hiring of a contractor." Memorandum and Order at 5-6.
 
 
 10
 Payne also questions the district court's reliance on Knoxville Iron Co. v. Dobson, 75 Tenn. 367 (1881), by citing Powell v. Virginia Construction Co., 88 Tenn. 692, 13 S.W. 691, 692 (1890). However, Powell, in dicta, simply recognizes the general principle of liability for the negligent hiring of a contractor, and expresses no view as to whether it should be extended to protect the contractor's employee.
 
 
 11
 In addition, Payne argues that our decision in Mooney v. Stainless, Inc., 338 F.2d 127 (6th Cir.1964), affirmatively supports his view of Tennessee law. He does so despite the district court's express refusal to rely on that case. Memorandum and Order at 4. In Mooney, our court clearly indicates that Tennessee has adopted the general principle that an employer can be held liable for negligently hiring an independent contractor. We also implicitly assume that such a claim can be raised by an employee of the contractor. However, as the district court points out, we do not address the issue, finding instead that plaintiff has failed to meet his burden of proof on the issue of negligence. We also question whether liability could be based on the facts involved in that case, where the contractor was generally competent, but caused the injury solely by his inattention or negligence. Id. at 132. Therefore, we are not persuaded that our decision in Mooney requires us to reverse the district court's opinion.
 
 
 12
 For the foregoing reasons and for the other reasons so carefully set forth by United States District Judge R. Allen Edgar in his Memorandum and Order filed in the district court on March 27, 1988, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation